UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA JAMES ALFORD,<br><br>Defendant. | Case No. 1:16-cr-00081-BLW-4<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Defendant Joshua Alford's Motion for Clarification (Dkt. 169) is before the Court. For the reasons discussed below, the Court will deny the motion.

## BACKGROUND

On August 31, 2016, Alford pled guilty to one count of distributing methamphetamine in violation of 21 U.S.C. § 841(a)(1). On December 13, 2016, the Court sentenced him to 120 months imprisonment followed by five years of supervised release. Dkt. 104.

At the time of his sentencing, Alford was serving a term of imprisonment for a probation violation in a state case: Ada County District Court, Docket No. CR2007-1447. *See* Dkt. 37. That case originated in 2008 when Alford was

**MEMORANDUM DECISION AND ORDER - 1**

sentenced on a domestic violence offense. By 2016, he was serving a five-year prison sentence on his fourth probation violation in that case. *See* PSR at 10, Dkt. 84.

On June 7, 2016, the day of his federal court arraignment, Alford waived his right to remain in federal custody prior to his trial in federal court and "request[ed] to be returned to state custody." Dkt. 37. The State therefore retained primary custody and Alford appeared in federal court for sentencing on December 14, 2016, by Writ of Habeas Corpus Ad Prosequendum. Dkt. 109.

The Court sentenced Alford to 120 months imprisonment to run concurrent to his pre-existing Ada County term of imprisonment. Dkt. 37. The Court also recommended that the Bureau of Prisons (BOP) credit him with "all time served in federal custody." *Id.* at 2.

Alford now reports that the BOP has refused to award credit for the 190 days he served in Ada County between his federal arraignment and his federal sentencing. He believes this refusal violates the Court's direction that his federal sentence would run concurrent to his pre-existing state sentence. Accordingly, relying on section 5G1.3(b) of the United States Sentencing Guidelines, he asks the Court to reduce his sentence by 190 days to account for time he served between his federal arraignment and federal sentencing.

**MEMORANDUM DECISION AND ORDER - 2**

## ANALYSIS

Alford misunderstands the sentencing guidelines governing concurrent and time-served credit. He relies on § 5G1.3(b)(1) to support his motion. That section instructs courts to "adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons." § 5G1.3(b)(1). But Alford leaves out an important threshold requirement: § 5G1.3(b)(1) only applies when the undischarged term of imprisonment is "relevant conduct to the instant offense of conviction." *Id.* Here, at the time of his federal sentencing, Alford was serving time on a probation violation in a state domestic violence case. Neither the probation violation nor the domestic violence offense was "relevant conduct" to the instant federal offense of distributing methamphetamine. U.S.S.G. § 1B1.3. Accordingly, section 5G1.3 does not apply.

Even if it did, Alford's motion would fail on other grounds. He mistakenly reports that the Court "ordered . . . concurrent **back-time** credit." *Motion* at 2, Dkt. 169 (emphasis added). Not so. The Court ordered that his sentence run concurrent to the Ada County term of imprisonment, but only "recommended" that the BOP give the defendant credit for time served in *federal custody*. Dkt. 104. There are

MEMORANDUM DECISION AND ORDER - 3

three important points here. First, the Court said nothing of "back-time" credit. Second, the Court merely recommended—but did not order—that the BOP give Alford credit for time served. And third, the Court's recommendation only applied to time served in *federal custody*. Here, the time for which Alford seeks back-time credit is time he spent in *state* custody, not federal custody. *See* Dkt. 37.

For all these reasons, the Court finds no basis to modify Alford's sentence and will therefore deny his motion.

## ORDER

**IT IS ORDERED that:**

1. Defendant's Motion for Clarification of Judgment (Dkt. 169) is **DENIED**.

DATED: April 7, 2023

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 4